Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Caitlin Baunsgard
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 07, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLINTON PAUL PATTERSON,<br><br>Defendant. | 2:20-CR-079-RMP-1<br><br>PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(C)(1)(C) |

Plaintiff United States of America, by and through Joseph H. Harrington, Acting United States Attorney for the Eastern District of Washington, and Caitlin Baunsgard, Assistant United States Attorney for the Eastern District of Washington, and the Defendant, CLINTON PAUL PATTERSON, and the Defendant's counsel, Andrea George, agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant, CLINTON PAUL PATTERSON, agrees to enter a plea of guilty to Count 1 of the Indictment filed on July 7, 2020, pursuant Fed. R. Crim. P. 11(c)(1)(C), charging the Defendant with Conspiracy to Distribute 40 Grams or More of a Mixture or Substance Containing a Detectable Amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (aka Fentanyl), in violation of 21 U.S.C.

PLEA AGREEMENT - 1

§ 841(a)(1), (b)(1)(B)(vi), , all in violation of 21 U.S.C. § 846.

The Defendant understands that this charge is a Class B felony charge and also understands that the maximum statutory penalty for this offense is not less than a 5-year, and no more than a 40-year, term of incarceration; a fine not to exceed $4,000,000; a term of supervised release of not less than 4 years up to a life term; denial of certain federal benefits; and a $100 special penalty assessment.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3), without credit for time previously served on post-release supervision.

2. Denial of Federal Benefits:

The Defendant understands that by entering this plea of guilty the Defendant is no longer eligible for assistance under any state program funded under part A of title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Further, the Court may deny the Defendant's eligibility to any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. § 862.

3. The Court is Not a Party to the Plea Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward in the exercise of its discretion pursuant to United States v. Booker, 543 U.S. 220 (2005).

The Defendant also understands that should the sentencing judge decide to sentence the Defendant to more than 60 months of incarceration, the Defendant may withdraw from this Plea Agreement and may withdraw his guilty plea. The Defendant also understands that should the sentencing judge decide to sentence the Defendant to less than 60 months, the United States may withdraw from this Plea Agreement.

4. Waiver of Constitutional Rights:

The Defendant, CLINTON PAUL PATTERSON, understands that by entering these pleas of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a). The right to a jury trial;

(b). The right to see, hear and question the witnesses;

(c). The right to remain silent at trial;

(d). The right to testify at trial; and

(e). The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

5. Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Conspiracy to Distribute 40 Grams or More of a Mixture or Substance Containing a Detectable Amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]

PLEA AGREEMENT - 3

propanamide (aka Fentanyl), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi), all in violation of 21 U.S.C. § 846, the United States would have to prove beyond a reasonable doubt the following elements:

> *First*, beginning on a date unknown, but by on or about May 28, 2020 and continuing until on or about July 7, 2020, in the Eastern District of Washington and elsewhere, the Defendant, CLINTON PAUL PATTERSON, entered into an agreement with one or more persons to commit the crime of distribution of 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, as charged in the Indictment;
>
> *Second*, the Defendant became a member of the conspiracy knowing of at least one if its objects and intending to help accomplish it; and
>
> *Third*, the agreement was to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, which would be reasonably foreseeable to him as a member of the conspiracy.

6. Statement of Facts:

The United States and the Defendant stipulate and agree that the United States could prove these facts beyond a reasonable doubt at trial; these facts are accurate; and these facts constitute an adequate factual basis for CLINTON PAUL PATTERSON's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this Plea Agreement. The parties further agree and stipulate that this factual basis is simply a summary to support the plea, it does not contain all facts which could be proven by the United States.

The Spokane Police Department and the Drug Enforcement Administration obtained information from a confidential informant ("CI") that the Defendant, CLINTON PAUL PATTERSON, was engaged in drug trafficking. During the

PLEA AGREEMENT - 4

investigation, the CI conducted several controlled buys of controlled substances from PATTERSON.

On May 28, 2020, the CI conducted a controlled purchase of approximately 200 fentanyl-laced pills from PATTERSON. The DEA Laboratory determined this to be 21.9 grams of fentanyl. On May 29, 2020, the CI conducted a controlled purchase of approximately 50 grams of methamphetamine from PATTERSON. The DEA Laboratory determined this to be 27.7 grams of actual (pure) methamphetamine. On June 4, 2020, the CI conducted a controlled purchase of approximately 200 fentanyl-laced pills from PATTERSON. The DEA Laboratory determined this to be 21.5 grams of fentanyl.

On June 11, 2020, PATTERSON contacted the CI to collect money on the CI's outstanding drug debt. The CI did not have the money to provide PATTERSON at that time, so PATTERSON told the CI to give it to his friend, later identified as co-defendant Todd Earl Bridges. That same day, the CI spoke to Bridges about the money owed to PATTERSON and also arranged to purchase fentanyl-laced pills. The CI conducted a controlled purchase of approximately 200 fentanyl-laced pills from Bridges. During the controlled buy, Bridges told the CI that PATTERSON would call the CI to discuss further.

On July 2, 2020, the CI conducted a controlled purchase of approximately 100 fentanyl-laced pills from PATTERSON. The DEA Laboratory determined this to be 10.5 grams of fentanyl

The Defendant stipulates and agrees he knew he was distributing fentanyl-laced pills. The Defendant further stipulates and agrees the amount of fentanyl was more than 40 grams.

7. The United States Agrees

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of

PLEA AGREEMENT - 5

Defendant's conduct involving illegal activity charged in this Superseding Indictment, unless the Defendant breaches this Plea Agreement.

8. <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing. The Defendant also understands that pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a), and to impose a reasonable sentence.

(a). *Base Offense Level and Relevant Conduct*:

The United States and the Defendant stipulate and agree to recommend to the Court the Base Offense Level is 28 based on the Defendant's relevant conduct, as it was reasonably foreseeable to him that at least 700 kilograms but less than 1,000 kilograms of converted drug weight would be distributed during this jointly undertaken activity[1]. *See* USSG §2D1.1(a)(5), (c)(6); USSG §1B1.3(a).

(b). *Specific Offense Characteristics*:

The United States and the Defendant agree to recommend no specific offense characteristics apply. *See generally* USSG §2D1.1(b).

(c). *Role Adjustments*:

The United States and the Defendant agree to recommend no role adjustment should apply. *See generally* USSG §3B1.1; USSG §3B1.2.

(d). *Acceptance of Responsibility*:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Agreement; and enters a plea of guilty no later

---

[1] The parties are recommending the use of the drug conversion table per USSG §2D1.1 cmt. 8.

PLEA AGREEMENT - 6

than the next Pre-Trial Conference date; the United States will move for a three (3)-level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to USSG §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3)-level reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

    (e). *Criminal History*:

The United States and the Defendant have made no agreement and make no representations as to the Defendant's Criminal History Category, which shall be determined by the Court at sentencing after the Presentence Investigation Report is completed.

    9.   <u>Length of Incarceration</u>:

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the Defendant recommend the Court impose a 60-month term of incarceration.

    10.   <u>Criminal Fine</u>:

The United States and the Defendant agree to recommend the Court impose no criminal fine.

    11.   <u>Supervised Release</u>:

The United States and the Defendant agree to jointly recommend that the Court impose a four (4) year term of supervised release, to include the following special conditions, in addition to the standard conditions of supervised release:

    (a). that the Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs, but not to exceed six non-treatment drug tests per month during the imposed term of supervised release; and

(b). that the Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer.

12. <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13. <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program if the Court sentences the Defendant to a term of incarceration.

14. <u>Additional Violations of Law Can Void Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

15. <u>Waiver of Appeal and Collateral Attack Rights</u>:

In return for the concessions that the United States has made in this Plea Agreement, the Defendant agrees to waive his right to appeal the sentence if the Court accepts this Plea Agreement.

The Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentencing, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not known by the Defendant, and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes sentence.

PLEA AGREEMENT - 8

Should the Defendant successfully move to withdraw from this Plea Agreement or should the Defendant's conviction on Count 1 of the Indictment be dismissed, set aside, vacated, or reversed, this Plea Agreement shall become null and void; the United States may prosecute the Defendant on all available charges involving or arising from his participation in drug trafficking. Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255.

16. Integration Clause:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Joseph H. Harrington
Acting United States Attorney

*[signature: Caitlin Baunsgard]*

_____   10/6/21
Caitlin Baunsgard                Date
Assistant U.S. Attorney

PLEA AGREEMENT - 9

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____    10-6-21
CLINTON PAUL PATTERSON            Date
Defendant

I have read the Plea Agreement and have discussed the contents of the Plea Agreement with the Defendant. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in Defendant's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____    10-06-2021
Andrea George                     Date
Attorney for the Defendant

PLEA AGREEMENT - 10