Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Caitlin Baunsgard
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 2:20-CR-0079-RMP-1 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | SENTENCING MEMORANDUM |
| | ) | |
| CLINTON PAUL PATTERSON, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, United States of America, by and through, Vanessa R. Waldref,

United States Attorney for the Eastern District of Washington, and Caitlin Baunsgard,

Assistant United States Attorney for the Eastern District of Washington, submits the

following Sentencing Memorandum.

A.    **PRE-SENTENCE INVESTIGATION REPORT**:

The United States has reviewed the PSIR.  The United States submits it is a

factually accurate summary of the facts in this case.  The United States recommends

the Court adopt the PSIR without change.

SENTENCING MEMORANDUM - 1

**B.** **REMOVAL OF FED. R. CRIM. P. 11(C)(1)(C) NATURE OF PLEA AGREEMENT**.

At the time of the Defendant's sentencing, it is anticipated he will qualify for "safety valve" under the current criterial for such relief as articulated in the recent 9th Circuit case (*United States v. Lopez*). The parties have the interview scheduled for Monday, February 28, 2022.

Given this important change in circumstance, the United States and Defendant have agreed that the Court should sentence the Defendant without regard to the Fed. R. Crim. P. 11(c)(1)(C) nature of the plea agreement. With the anticipated application of the statutory "safety valve" pursuant to 18 U.S.C. § 3553(f), the United States and the Defendant recommend a 2-level decrease of his Base Offense Level pursuant to USSG §2D1.1(b)(18).

**C.** **SENTENCING RECOMMENDATION:**

Based on the totality of the circumstances, and under the terms of the Plea Agreement, the United States is recommending the Court impose a term of incarceration of 48 months. The United States respectfully submits such a sentence would be sufficient but not greater than necessary to accomplish the goals of sentencing and achieve an appropriate balance of the 18 U.S.C. § 3553(a) factors.

The Defendant has unquestionably been convicted of a very serious crime. The Defendant was engaged in very significant drug trafficking – to include fentanyl-laced pills, which is one of the biggest public safety issues to face the community. The

SENTENCING MEMORANDUM - 2

1    effects of drug trafficking are massive, and in some respects, incalculable, especially

2    when all the collateral consequences are considered.

3
          The damage the drugs this Defendant were peddling cause irreparable harm to
4
     the community in general as well as to families whose loved ones are addicted to
5

6    controlled substances.  Importantly, the damage is not limited to families who have

7
     suffered a death.  As aptly recorded by Sam Quinones in the book "Dreamland" about
8
     the families of living drug addicts:
9

10               I met with other parents whose children were still alive, but
                 who had shape-shifted into lying, thieving slaves to an unseen
11               molecule.  These parents feared each night the call that their
12               child was dead in a McDonald's bathroom.  They went broke
                 paying for rehab, and collect calls from jail.  They moved to
13               where no one knew their shame.  They prayed that the child
                 they'd known would reemerge.
14

15   Sam Quinones, Dreamland, 9 (Bloomsbury Press 2015).

16
          The Defendant's conduct harmed families and the community.  As the Fifth
17

18   Circuit noted, "[t]he drug seller, at every level of distribution, is at the root of the

19
     pervasive cycle of drug abuse.  Measured thus by the harm it inflicts upon the addict,
20

21   and through him, upon society as a whole, drug dealing in its present epidemic

22   proportions is a grave offense of high rank." *Terrebonne v. Butler*, 820 F.2d 156, 157

23
     (5th Cir. 1987), *cert. denied,* 484 U.S. 1020 (1989).  While this opinion was authored
24

25   over 30 years ago, it continues to ring true today.  Individuals who occupy every role

26   in an organization play an important role in the success of the endeavor.  The

27
     Defendant kept addicts in this community steadily supplied with these poisons.
28

     SENTENCING MEMORANDUM - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Defendant chose to engage in this conduct just after he was released from prison for a very serious offense.  In other words, the Defendant chose to immediately step right back into his criminal conduct – his criminal lifestyle that landed him in prison for decades.  The United States respectfully submits, based on the Defendant's choice to continue with his criminal endeavors, the Court should choose to protect society from this Defendant and sentence this Defendant accordingly.

DATED this 25th day of February, 2022.

Vanessa R. Waldref
United States Attorney

*s/ Caitlin Baunsgard*
Caitlin Baunsgard
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Andrea George

*s/ Caitlin Baunsgard*
Caitlin Baunsgard
Assistant United States Attorney

SENTENCING MEMORANDUM - 4